ODSON et al, Respondents, v. ROGERS, Appellant.

(195 N. W. 1019.)

(File No. 5164.   Opinion filed December 3, 1923.)

1.  **Statutes—Legislature—Court Must Give Effect to Object of Legislature in Enacting a Statute.**

    The Legislature is presumed to have had some object in enacting a statute, and, if this object can be ascertained from a reading of the statute or from the language used by the Legislature, it is the duty of the court to give it the effect it was intended to have.

2.  **Schools and School Districts—Elections—When Petition for Election on Question of Abandonment of Consolidated School District Should be granted.**

    In view of the intent of the Legislature in Laws 1921, c. 202, Sec. 125, to give the common school districts embraced within a consolidated district, that includes an incorporated town or city, an opportunity to withdraw from such consolida-

tion upon the vote of 75 per cent of the electors thereof, a petition signed by 40 per cent of the electors of each of the common school districts, as they existed prior to the consolidation, praying that such districts be permitted to vote separately on the question of abandoning the consolidated district, should be granted.

Appeal from Circuit Court, Lincoln County; HON. JOHN T. MEDIN, Judge.

Petition for writ of mandamus by C. A. Odson and others against Maylou M. Rogers. Writ granted, and defendant appeals. Affirmed.

*Harrison J. Brown,* of Canton, and *Asa Forrest,* of Sioux Falls, for Appellant.

*Carlson & Smith,* of Canton, for Respondent.

POLLEY, J. On the 12th day of November, 1919, an order was made by the county superintendent of schools of Lincoln county establishing the Worthing consolidated school district No. 2, of Lincoln county. This district as so established included common school districts Nos. 27, 56, and 82 and independent school district of Worthing, No. 50, and said consolidated district included the incorporated town of Worthing.

[1, 2] On the 22d day of July, 1921, petitions signed by 40 per cent of the electors of each of the said common school districts as they had existed prior to the consolidation were filed with the said superintendent of schools, which petitions prayed for an abandonment of said consolidated district and that the districts embraced in said consolidated district be permitted to vote separately on said question. In the formation of said consolidated district none of the common school districts that were embraced therein had been divided, no bonds had been issued by the consolidated district, and no building had been purchased or erected.

The said superintendent of schools refused to call said election as prayed for in said petitions, and plaintiffs, being electors in said consolidated district, applied to the circuit court for a writ of mandamus directing and compelling said superintendent of schools to hold such elections as prayed for in said petitions. Such writ was granted, and defendant appeals.

The solution of the questions presented on the appeal depends entirely upon the construction to be put on chapter 202 of the Session Laws of 1921. Section 1 of this chapter reads as follows:

"That in all school districts in which an election has been held for the purpose of forming a 'consolidated school district' and in which no building or buildings have been erected or purchased and in which no bonds have been issued since the consolidation of said district, an election may be called and held, as hereinafter provided, after the expiration of one year from the consolidation of such district or districts, for the purpose of determining whether the consolidation of such district or districts shall be abandoned, and said district or districts reorganized as common school districts."

Section 2 provides that "upon the presentation to the county superintendent of a petition signed by at least forty (40) per cent of the electors of any such consolidated school district, * * *" asking for the abandonment of such consolidated district, the county superintendent shall call an election to be held upon the question of abandonment of the consolidation of said district. "If a majority of all the electors of such consolidated district vote in favor of abandonment, the country superintendent shall" take immediate steps to put such abandonment into effect.

Section 5 of said chapter, so far as material, reads as follows:

"Provided, however, that in any consolidated district in which there is an incorporated town or city and which consolidated district comes under the provisions of section 1 of this act, the several original districts embraced in such consolidated district may vote separately upon the question of abandonment, provided none of the common school districts embraced therein have been divided in forming such consolidation, and an election may be called and held simultaneously in each of such districts and each of such districts upon the filing of a petition containing the percentage of signatures for each district as provided in section 2 of this act with the county superintendent of schools. Upon the filing of such petition it shall be the duty of the county superintendent of schools to call the election in the several original districts of such consolidated district to vote upon the question of abandonment. * * * The calling of the election in each district as above provided shall be governed by section 2 of this act and * * * if it shall be found that seventy-five per cent of all of the electors of the original common school district embraced

within such consolidated district vote for abandonment; then such consolidated district shall be dissolved and each district be reinstated as it originally existed prior to consolidation. * * * "

It is contended by appellant that the petitions filed by the plaintiffs were not sufficient, under the provisions of section 2, to authorize the holding of separate elections in each of the original common school districts embraced in the consolidated district, and that section 5 is a mere repetition of section 2, and confers no rights, and authorizes no acts to be done that are not authorized by section 2. With this contention we cannot agree. That section 5 is loosely and slovenly drawn must be freely admitted, but it must be presumed that the Legislature had some object in enacting said section, and, if this object can be ascertained from a reading of the act itself and from the language used by the Legislature, it is the duty of the court to give it the effect it was intended to have. It is contended by appellant that, because the words "common school" are not inserted between the words "original" and "districts" where these words appear in the fourth and thirteenth lines of section 5, this section means nothing additional to what is contained in section 2, and that the only election authorized by the act is that provided for by section 2. But this position is not tenable. Section 5 provides that, if 75 per cent of the voters of the original common school districts vote for abandonment, the consolidated district shall be dissolved. If the electors of the "original common school districts" alone are to decide the election, there certainly is no reason for permitting the electors of the incorporated town or city embraced within the consolidated district to vote at all.

When the entire law is read together it is plain that it was the intention of the Legislature to give the common school districts that had been embraced within the consolidated district that included an incorporated town or city an opportunity to withdraw from such consolidated district upon the vote of 75 per cent of the electors thereof.

From the foregoing it follows that when the petitions, Exhibits A, B, and C, were filed with appellant, it was her plain duty to call and hold the elections petitioned for therein and the writ of mandamus properly issued.

The judgment appealed from is affirmed.

Note.—Reported in 195 N. W. 1019.   See, Headnote (1), American Key-Numbered Digest, Statutes, Key-No. 184, 36 Cyc. 1110; (2) Schools and school districts, Key-No. 44, 35 Cyc. 857 (see 1925 Anno.).